**United States District Court
Northern District of Indiana
Hammond Division**

| | | |
|---|---|---|
| JOSE REYNALDO LUERA and | ) | |
| ROSE LUERA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 1:09-CV-136 JVB |
| | ) | |
| CITY OF FORT WAYNE, FWCS, | ) | |
| BOARD OF SCHOOL TRUSTEES, | ) | |
| DR. WENDY ROBINSON, STEPHANY | ) | |
| BOURNE, JOHN WEICKER, and | ) | |
| WILLIAM SWEET | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Jose Luera and Rose Luera filed a Pro Se Complaint following the misidentification of Mr. Luera as a child sex offender by Fort Wayne Community Schools' personnel. Plaintiffs allege violations of their civil rights, slander, and irreparable harm and hardship. Defendants responded to these allegations with a Motion to Dismiss.

**A. Procedural Background**

On March 24, 2009, Plaintiffs filed a Pro Se Complaint against City of Fort Wayne, Fort Wayne Community Schools, Board of School Trustees, Dr. Wendy Robinson, Stephany Bourne, John Weicker, and William Sweet in state court. (DE 1.) On May 19, 2009, Defendants removed the case to this Court because of the civil rights claims alleged by Plaintiffs. (DE 3.) The Court then appointed counsel for Plaintiffs. (DE

29.) Counsel for Plaintiffs later withdrew from representation at Plaintiffs' request. (DE 35, 37, 38.) On September 29, 2009, Plaintiffs filed an Amended Complaint which was followed by a court-ordered Second Amended Complaint on May 11, 2010, allowing Plaintiffs to incorporate the claims from their original complaint that were omitted in their Amended Complaint. (DE 45, 63–64.) Defendants responded to the Second Amendment Complaint with a Motion to Dismiss. (DE 66.)

**B. Factual Background**

On May 11, 2007, Mr. Luera received a letter from Stephany Bourne, the principal of Indian Village School, misidentifying him as a sex offender and restricting his access to the school. (DE 64, Second Am. Compl. 8.) Plaintiffs have three children, one of whom has special needs. (DE 64, Second Am. Compl. 32.) Plaintiffs then provided proof that Mr. Luera was not the same person as the convicted sex offender "Mr. Leura." (DE 71, Pl.'s Resp. ¶ 4.) Principal Stephany Bourne responded with a formal letter of apology. (DE 64, Second Am. Compl. 12.) Plaintiffs allege that despite resolving the misidentification, Defendants have persisted in treating Mr. Luera as a sex offender and have engaged in conduct that has spread this belief in their community. (DE 64, Second Am. Compl. 1–2.) Plaintiffs allege that Defendants have and continue to treat them as criminals in violation of their civil rights. (DE 64, Second. Am. Compl. 2.) Furthermore, they allege that Defendants have committed slander and irreparable harm and hardship to their standing in the community. (DE 64, Second Am. Compl. 2.)

2

**C. Legal Standard**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**D. Analysis**

**(1)** *Federal Claims*

In their Response to Defendants' Motion to Dismiss, Plaintiffs appear to be claiming that their Fourth, Sixth, and Fourteenth Amendment rights were violated.

Plaintiffs allege violation of their Fourth Amendment rights to be safe from unreasonable search and seizures. The Second Amended Complaint, however, contains no specific allegations or factual support that Plaintiffs were ever searched or seized. Plaintiffs also invoke their Sixth Amendment rights, evidently alleging that they were not informed of the nature of the accusation against them. Their Sixth Amendment rights, however, in no way apply to their interactions with the Defendants.

Furthermore, Plaintiffs allege violations of their constitutionally guaranteed rights to due process of law. Plaintiffs have failed to sufficiently allege and factually support that they suffered a violation of their due process rights. The pleadings must include "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft*, 129 S.Ct. at 1949. Plaintiffs have failed to provide the required "further factual enhancement" to support their complaint. *Twombly*, 550 U.S. at 557.

Finally, Plaintiffs claim that their Fourteenth Amendment rights to equal protection were violated by Defendants. Equal protection guarantees all citizens "fair treatment in the exercise of fundamental rights or the elimination of distinctions based on impermissible criteria." John E. Nowak & Ronald D. Rotunda, *Constitutional Law* 595 (5th ed. 1995). Equal protection claims may be brought by a "class of one." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). These claims arise when "(1) the

plaintiff[s] allege[] that [they] ha[ve] been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment or the cause of the differential treatment is totally illegitimate animus toward the plaintiff by the defendants." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). While "there is no precise formula to determine whether an individual is similarly situated," Plaintiffs have a high burden in establishing that another person is very similarly situated. *Id.* at 1002. The Seventh Circuit cases have split on whether they require a plaintiff to show either or both differential treatment and illegitimate animus. *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 683 (7th Cir. 2005). Plaintiffs also have the burden to eliminate "any reasonably conceivable facts [that] c[ould] make the classification rational." *Discovery House, Inc. v. Consol. City of Indianapolis*, 319 F.3d 277, 282 (7th Cir. 2003).

Having alleged no membership in a protected class, Plaintiffs nevertheless qualify as a class of one. *See Olech*, 528 U.S. at 564 n.1 (stating that "the number of individuals in a class is immaterial for equal protection analysis"). Plaintiffs allege that they have been treated differently than all other similarly situated parents regarding where they could pick up and drop off their children, their inability to enter the school, and their need to be escorted at all times when in the building. (DE 64, Pl.'s Compl. 55-56.) Plaintiffs allege that there is no rational basis for the treatment, and that it resulted from an error in identification committed by Defendants. They contend that this unreasonable treatment occurred after the misidentification was resolved. Furthermore, Plaintiffs allege that the actions of the Defendants were malicious.

The Plaintiffs satisfy the similarly situated requirement when they compare themselves to all other parents with children at the same school. The Defendants' actions, as alleged, following their initial misidentification of Mr. Luera as a sex offender raise issues of "vindictive action" and "ill will." *See Discovery House, Inc.*, 319 F.3d at 283. While Defendants may be able to justify some of their restrictions as necessary to accommodate the Plaintiffs daughter with special needs, this cannot be used to justify all of the restrictions. Because the purpose of the equal protection clause is to protect persons from intentional and arbitrary discrimination and courts are to view the pleadings in a light most favorable to the Plaintiff, the Court will not dismiss Plaintiffs class of one equal protection claim.

**(2)** *State Claim*

Plaintiff's allege that Defendants committed slander. Under Indiana law, slander is a species of defamation. *Ind. Ins. Co. v. N. Vermillion Cmty. Sch. Corp.*, 665 N.E.2d 630, 635 (Ind. Ct. App. 1996). A statement is defamatory when it "tend[s] to harm a person's reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person." *Rambo v. Cohen*, 587 N.E.2d 140, 145 (Ind. Ct. App. 1992). There are two types of defamatory communications: defamation *per se* and defamation *per quod*. *Kelley v. Tanoos*, 865 N.E.2d 593, 597. (Ind. 2007). Defamation *per se* covers those statements which impute (1) criminal conduct, (2) sexual misconduct, (3) a loathsome disease, or (4) misconduct in a person's trade, profession, office or occupation. *Id.* at 596. To prove either type of defamation, Plaintiffs

must show that there was "a communication with defamatory imputation, malice, publication, and damages." *Davidson v. Perron*, 716 N.E.2d 29, 37 (Ind. Ct. App. 1999). For *per se* defamatory statements, damages are assumed. *Kelley*, 865 N.E.2d at 597.

Plaintiffs assert in their complaint that Defendants continued in their wrongful accusations of criminal and sexual misconduct even after Plaintiffs had proven the identification was in error. They also allege that Defendants disseminated the false accusations into their community during a PTA meeting. Furthermore, they allege that Stephany Bourne brought additional false allegations against them, accusing them of being on the run from Florida law enforcement.

Defendants contend that they have immunity from any alleged acts of defamation. "A lawsuit alleging that a[] [government] employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5. To bring a claim against a governmental employee personally, Plaintiffs must allege that the acts were (1) criminal, (2) clearly outside the scope of the employee's employment, (3) malicious, (4) willful and wanton, or (5) calculated to benefit the employee personally. *Id.* Furthermore, the Plaintiffs must also present "a reasonable factual basis supporting the allegations." *Id.* While Defendants assert that all events took place within the scope of the defendants' employment, the Court finds that it is premature to rule out that statements were malicious, willful and wanton, or clearly outside the scope of the employee's employment.

**E. Conclusion**

The Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss. The Court GRANTS Defendants' Motion to Dismiss regarding Plaintiffs allegations of Fourth Amendment, Sixth Amendment, and Due Process violations. The Court DENIES Defendants' Motion to Dismiss regarding the Equal Protection and Slander claims.

SO ORDERED on July 29, 2010

                                                            s/ Joseph S. Van Bokkelen
                                                            JOSEPH S. VAN BOKKELEN
                                                            UNITED STATES DISTRICT JUDGE
                                                            HAMMOND DIVISION