# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **JOSE REYNALDO LUERA, et. al.,** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| v. | ) CAUSE NO. 1:09-cv-136 |
| | ) |
| **FORT WAYNE COMMUNITY SCHOOLS,** | ) |
| **et. al.** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION and ORDER

On November 9, 2010, a status conference was held and concluded in this matter. The Court considered an objection by the *pro se* Plaintiffs that the Defendants have failed to produce a letter between Defendants Bourne and Weicker that they have requested through discovery. Counsel for the Defendants represented that they have produced a letter they believe is responsive to the Plaintiffs' request and that they do not have any additional documents in their possession.

Of course, the Defendants cannot produce a document they do not possess. *See Echemendia v. Gene B. Glick Mgmt. Corp.*, No. 105-CV-00053, 2007 WL 420713, at *2 (N.D. Ind. Feb. 2, 2007) (internal quotations and citations omitted). Nonetheless, because the Defendants claim that they have fully responded to the Plaintiffs' request for production of documents, the Plaintiffs are at least entitled to a response stating as much. *See Wilson v. Kautex,* No. 1:07-cv-60, 2008 WL 162645, at *7 (N.D. Ind. Jan. 14, 2008); *Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b) . . . ."); Jay E. Grening & Jeffrey S.

Kinsler, *Handbook of Federal Civil Discovery and Disclosure* § 9.40 (2d ed. 2002).

Accordingly, the Defendants are ORDERED to diligently search for any letter from Bourne to Weicker or Weicker to Bourne that is responsive to the Plaintiffs' discovery requests and produce it. If the Defendants are unable to locate any documents, they will execute an affidavit, (1) stating that after a diligent search there are no responsive documents in their possession, custody, or control, other than those previously produced,[1] and (2) describing their efforts to locate documents responsive to the Plaintiffs' request. *See Wilson*, 2008 WL 162645, at *7; *Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997).

SO ORDERED.

Enter for November 9, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

---

[1] The Court expects the Defendants to set forth this language specifically in their affidavit, rather than a variation thereof.

2