UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Jose Renaldo Luera and Rose Luera | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:09-CV-136-JVB |
| | ) |
| FWCS Board of School Trustees, | ) |
| Dr. Wendy Robinson, Stephany Bourne, | ) |
| John Weicker, and William Sweet | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On November 21, 2011, this Court entered judgment against Plaintiffs Jose Renaldo Luera and Rose Luera. Plaintiffs had 30 days to file a notice of appeal, Fed. R. App. Proc. 4(a)(1)(A), but they missed their deadline. Instead, they filed their appeal and notice of appeal on January 6, 2012. Now Plaintiffs seek an extension to file their notice of appeal under Federal Rule of Appellate Procedure 4(a)(5).

**A. Standard for Granting Extension**

A court "may extend the time to file a notice of appeal if a party so moves no later than 30 days after the original deadline for the filing of [the] notice of appeal, and that party shows 'excusable neglect or good cause.'" *Sherman v. Quinn*, 2012 WL 9292, *3 (Jan. 3, 2012). On the one hand, good cause arises when the moving party misses the original deadline through no fault of its own, such as when the moving party mails its notice of appeal, but the notice gets lost in the mail. *See id.* In other words, the failure to

file the notice was completely out of the movant's hands.  Excusable neglect, on the other hand, "applies in situations in which there is fault." *Id.*  When a moving party asks for an extension because of excusable neglect, the Court evaluates four factors:  "1) the danger of prejudice to the non-moving party; 2) the length of the delay and its impact on judicial proceedings; 3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and 4) whether the movant acted in good faith." *Id.* at 4.

**B.  Discussion**

Plaintiff's motion for an extension to file an appeal is currently insufficient.  The motion implies that Plaintiffs missed their deadline as they cared for Plaintiff Rose Luera's ailing brother-in-law, but the facts are scant.  It does not provide evidence that the failure to file was based on good cause or excusable neglect.  Nevertheless, mindful of Plaintiffs' circumstances, the Court will give thirty days to amend their motion.

**C.  Conclusion**

For the foregoing reasons, Plaintiffs have thirty days from the date of this order to amend their motion for an extension of time to file an appeal.  Plaintiffs are cautioned that, in order to get an extension, they must comply with the standard set out above.

SO ORDERED on January 19, 2012.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
